## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NATRAUN GLOVER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )       Case No. CIV-21-294-R |
| | ) |
| THE COUNTY OF OKLAHOMA CITY, | ) |
| et al., | ) |
| | ) |
|     Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Natraun Glover, appearing *pro se*, filed a Petition for Damages in Oklahoma County District Court alleging violations of his constitutional rights and Oklahoma State law. (ECF No. 1-2). Defendant Matthew Guy removed the action to this Court[1] and United States District Judge David Russell has referred this matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). Defendant Tommie Johnson, III[2] has filed a Motion to Dismiss and Mr. Glover has responded. (ECF Nos. 6 & 36). For the following reasons, the Court should **GRANT** the Motion to Dismiss.

---

[1]  (ECF Nos. 1, 4).

[2]  At the time of Plaintiff's arrest and subsequent detention in the Oklahoma County Jail, P.D. Taylor was Sheriff of Oklahoma County and is named as a Defendant in this action in his official capacity. *See* ECF No. 1-2:1. As noted in the Motion to Dismiss, however, on January 1, 2021, Tommie Johnson, III became the Sheriff of Oklahoma County and shall, therefore, be substituted for Defendant Taylor. *See Kirkendall-Heller v. Board of Commissioners of Oklahoma County*, No. 21-011-F, 2021 WL 2371348, at *1 (W.D. Okla. June 9, 2021) (substituting Tommie Johnson, III as a defendant in place of P.D. Taylor, for official capacity claims asserted against Mr. Taylor).

## I.    BACKGROUND

On July 12, 2016, an Affidavit and Application for Arrest Warrant was filed against Mr. Glover. *See* ECF No. 1-2:3.[3] On November 30, 2016, in Oklahoma County District Court Case No. CF-2016-9406, Plaintiff was charged with a violation of 21 O.S. § 1123— indecent or lewd acts with a child under the age of 16. (ECF No. 1-2:2). According to Plaintiff, he was then "arrested and taken to the Oklahoma County Jail where he remained until he posted bond on October 16, 2017." (ECF No. 36:3). On February 21, 2019, the State dismissed the charges for "further investigation." (ECF No. 16-2:5). Plaintiff characterizes the charges as "malicious" and his detention as "illegal." (ECF No. 1-2:3).

On January 7, 2021, Plaintiff filed an action in Oklahoma County District Court, naming the following defendants: (1) The County of Oklahoma City, (2) Oklahoma County Sherriff P.D. Taylor, (3) the Oklahoma City Police Department, (4) News Channel 9, (5) KOCO Channel Five, (6) KFOR News 4, (7) Fox 25 News, (8) Oklahoma County District Attorney David Prater, and (9) Oklahoma City Police Department Detective Matthew Guy. (ECF No. 1-2). Plaintiff alleges violations of state and federal law and seeks monetary damages. (ECF No. 1-2). On April 2 and April 6, 2021, Defendant Guy filed a Notice and Petition of Removal and Amended Notice and Petition of Removal to this Court. (ECF Nos. 1 & 4).

---

[3] *See also* https://www.oscn.net/dockets/GetCaseInformation.aspx?db=oklahoma&number=MI-2016-708; *United States v. Pursley*, 577 F.3d 1204, 1214 n.6 (10th Cir. 2009) (noting the court's "discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters bearing directly upon the disposition of the case at hand" (internal quotation marks omitted)).

## II.    ALLEGATIONS/CLAIMS AGAINST DEFENDANT JOHNSON

Plaintiff has sued Defendant Tommie Johnson, III, as Sheriff of Oklahoma County, based on Mr. Glover's detention in the Oklahoma County Jail. Specifically, Plaintiff claims that Mr. Johnson:

1.   "actively participated in his unlawful arrest and wrongful detention in the Oklahoma County Jail in violation of [his] 14th Amendment right to Due Process and Equal Protection;" by "accepting [Plaintiff] into the Oklahoma County jail;"

2.   "was . . . responsible for causing [Plaintiff] intentional infliction of emotional distress for all the time [he] was illegally detained in the Oklahoma County" "by virtue of his confinement, and malicious prosecution;"

3.   "knew or reasonably should have known that he acquiesced in the wrongful detention of Plaintiff's person;"

4.   "willingly infringed on [Plaintiff's] tort rights;" and

5.   "actively participated in the malicious prosecution of Plaintiff" by detaining him.

(ECF No. 1-2:3). At the end of the Complaint,[4] Mr. Glover requests monetary damages for claims of "intentional and negligence infliction of emotional distress, public humiliation, liable [sic] and slander, malicious prosecution, failure to properly train, denial of due process and equal protection." (ECF No. 1-2:4). In his response to Defendant Johnson's Motion to Dismiss, Plaintiff alleges that he has stated claims against Defendant Johnson for "malicious prosecution, intentional infliction of emotional distress, and liable [sic]." (ECF No. 36:6).

---

[4] Although Mr. Glover filed a "Petition for Damages" in state court, *see* ECF No. 1-2, the undersigned will refer to the document as a "Complaint."

In a case such as this one involving multiple Defendants, "it is particularly important … that the complaint make clear exactly *who* is alleged to have done *what* to *whom,* to provide each individual with fair notice as to the basis of the claims against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (emphasis in original). Here, although Mr. Glover has alleged numerous claims in his "Relief Requested" section, the Court must examine the actual allegations against Defendant Johnson to determine the nature of Plaintiff's claims against this Defendant. Based on a reading of Plaintiff's statements, the undersigned finds that Plaintiff has alleged liability against Defendant Johnson for: (1) a violation of Due Process under the Fourteenth Amendment; (2) a violation of Equal Protection under the Fourteenth Amendment; (3) malicious prosecution under Oklahoma law; (4) intentional infliction of emotional distress under Oklahoma law; and (6) libel under Oklahoma law.

## III.   STANDARD OF REVIEW

Defendant Johnson seeks dismissal under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 6). Pursuant to *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), to survive a motion to dismiss, a complaint must contain enough allegations of fact, taken as true, "to state a claim to relief that is plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Twombly*, 550 U.S. at 570). Under this standard, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Robbins v. Oklahoma*, 519 F.3d

1242, 1247 (10th Cir. 2008) (quoting *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original)).

The "plausibility" standard announced in *Twombly* and *Iqbal* is not considered a "heightened" standard of pleading, but rather a "refined standard," which the court of appeals has defined as "refer[ring] to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Khalik*, 671 F.3d at 1191 (citing *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011)). The Tenth Circuit has noted that the nature and specificity of the allegations required to state a plausible claim will vary based on context. *Robbins*, 519 F.3d at 1248. "Thus, [it has] concluded the *Twombly/Iqbal* standard is 'a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.'" *See id.* at 1247.

Accordingly, in deciding *Twombly* and *Iqbal*, there remains no indication the Supreme Court "intended a return to the more stringent pre-Rule 8 pleading requirements." *Khalik*, 671 F.3d at 1191 (citing *Iqbal*, 556 U.S. at 678). It remains true that "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555).

Finally, "a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine

whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (1991). Whether a complaint contains sufficient facts to avoid dismissal is context-specific and is determined through a court's application of "judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

In analyzing a motion to dismiss under Rule 12(b)(6), the court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013). A complaint fails to state a claim on which relief may be granted when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, at 555 (2007) (citation omitted). Bare legal conclusions in a complaint are not entitled to the assumption of truth; "they must be supported by factual allegations" to state a claim for relief. *Iqbal*, 556 U.S. at 679.

## IV.   DISMISSAL OF FEDERAL CLAIMS AGAINST DEFENDANT JOHNSON

Defendant Johnson seeks dismissal of the federal claims, in part, based on Plaintiff's failure to state a claim upon which relief may be granted. (ECF No. 6:5-6). The Court should agree and dismiss the federal claims.

As stated, the federal claims asserted by Plaintiff against Defendant Johnson involve violations of the Due Process and Equal Protection clauses of the Fourteenth Amendment. *See supra*. The Court should conclude that Plaintiff has failed to state a claim for either deprivation.

First, Plaintiff's Due Process claim is based on Sheriff Johnson's "acceptance" of Plaintiff into the Oklahoma County Jail following his arrest and his continued detention there. Mr. Glover explains:

> Defendant [Johnson] acquiesced in [Plaintiff's] being falsely jailed for the 2016 alleged lewd act of a child under the age of 16. He, at the time of the incident was the duly acting Sheriff of Oklahoma County and was totally responsible for its operation. He could have easily rejected the officers bringing [Plaintiff] into the jail and in fact had a duty to thoroughly investigate the criminal complaint lodged against Plaintiff for accuracy prior to accepting Plaintiff.
>
> . . .
>
> Defendant [Johnson] participated in [Plaintiff's] arrest by accepting him into the Oklahoma County jail in violation of his 14th Amendment right to due process and equal protection.

(ECF No. 36:3-4).

"In order to succeed on his claim of an unreasonable post-arrest investigation in violation of his Fourteenth Amendment rights, Plaintiff must assert facts that, at a minimum, demonstrate Defendants acted with deliberate or reckless intent." *Romero v. Fay*, 45 F.3d 1472, 1478–79 (10th Cir. 1995) (citing *Davidson v. Cannon,* 474 U.S. 344, 347–48) (1986); *Webber v. Mefford,* 43 F.3d 1340, 1342 (10th Cir. 1994) ("[A] government official violates an individual's Fourteenth Amendment rights by injuring his or her life, liberty, or property interest with deliberate or reckless intent.")). Allegations of negligence do not state a claim for a Fourteenth Amendment violation actionable under § 1983. *See Daniels v. Williams,* 474 U.S. 327, 333 (1985).

Here, Plaintiff claims Defendant Johnson violated Plaintiff's Fourteenth Amendment rights by "accepting" Plaintiff into the Oklahoma County Jail following his arrest without investigating the accuracy of the criminal complaint that had instigated Plaintiff's arrest. But these facts, at best, allege negligence on the part of Defendant Johnson, and do not state a Due Process claim based on Plaintiff's post-arrest detention. Thus, the Court should dismiss this claim for failure to state a claim upon which relief may be granted.

To state a claim for Equal Protection, Mr. Glover must allege that he had been treated differently than similarly situated individuals. *See City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985); *see also SECSYS, LLC v. Vigil*, 666 F.3d 678, 688 (10th Cir. 2012) ("plaintiff must [first] show he . . . was 'intentionally treated differently from others similarly situated' ") (citation omitted). In support of his Equal Protection claim, Plaintiff has alleged only that Defendant Johnson "actively participated in [his] unlawful arrest and wrongful detention in the Oklahoma County Jail in violation of [his] 14th Amendment right to . . . Equal Protection" by "accepting him into the Oklahoma County jail." (ECF No. 1-2:3, 36:4). Plaintiff has not, however, alleged he was subjected to any differential treatment based on individuals similarly situated. As a result, the Court should dismiss the Equal Protection claim for failure to state a claim.

## V.   DISMISSAL OF STATE LAW CLAIMS AGAINST DEFENDANT JOHNSON

With the recommended dismissals, what remains are Plaintiff's state law claims for malicious prosecution, intentional infliction of emotional distress, and libel. *See supra*. But " '[w]hen all federal claims have been dismissed, the court may, and usually should,

decline to exercise jurisdiction over any remaining state claims.' " *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) (citation omitted); *see also* 28 U.S.C. § 1367(c)(3). Upon dismissing Plaintiff's federal claims, the Court should decline to exercise jurisdiction over his state-law claims.

## VI.  RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

The Court should **GRANT** the Motion to Dismiss **(ECF No. 6)** and: (1) dismiss the federal claims alleging a violation of Due Process and Equal Protection based on failure to state a claim and (2) decline jurisdiction over the state law claims.

Plaintiff is hereby advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by **November 1, 2021.** *See* 28 U.S.C. § 636(b)(1); and Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## VII.  STATUS OF THE REFERRAL

This Report and Recommendation does not terminate the referral.

ENTERED on October 14, 2021.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE