IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NATRAUN GLOVER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-21-294-R |
| ) | |
| THE COUNTY OF OKLAHOMA CITY, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff Natraun Glover, appearing *pro se*, filed a Petition for Damages in Oklahoma County District Court alleging violations of his constitutional rights and Oklahoma State law. (ECF No. 1-2). Defendant Matthew Guy removed the action to this Court[1] and United States District Judge David Russell has referred this matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). Defendant David Prater has filed a Motion to Dismiss and Mr. Glover has responded. (ECF Nos. 11 & 37). For the following reasons, the Court should **GRANT** the Motion to Dismiss.

I. **BACKGROUND**

On July 12, 2016, an Affidavit and Application for Arrest Warrant was filed against Mr. Glover. *See* ECF No. 1-2:3.[2] On November 30, 2016, in Oklahoma County District

---

[1] (ECF Nos. 1, 4).
[2] *See also* https://www.oscn.net/dockets/GetCaseInformation.aspx?db=oklahoma&number=MI-2016-708; *United States v. Pursley*, 577 F.3d 1204, 1214 n.6 (10th Cir. 2009) (noting the court's "discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters bearing directly upon the disposition of the case at hand" (internal quotation marks omitted)).

Court Case No. CF-2016-9406, Plaintiff was charged with a violation of 21 O.S. § 1123—indecent or lewd acts with a child under the age of 16. (ECF No. 1-2:2). On February 21, 2019, the State dismissed the charges for "further investigation." (ECF No. 16-2:5). Plaintiff characterizes the charges as "malicious" and states that as a result, "has been harassed, threatened, . . . publicly humiliated . . . falsely imprisoned and suffered near fatal heart attacks, emotional distress and fear for his life." (ECF No. 1-2:2).

On January 7, 2021, Plaintiff filed an action in Oklahoma County District Court, naming the following defendants: (1) The County of Oklahoma City, (2) Oklahoma County Sherriff P.D. Taylor, (3) the Oklahoma City Police Department, (4) News Channel 9, (5) KOCO Channel Five, (6) KFOR News 4, (7) Fox 25 News, (8) Oklahoma County District Attorney David Prater, and (9) Oklahoma City Police Department Detective Matthew Guy. (ECF No. 1-2). Plaintiff alleges violations of state and federal law and seeks monetary damages. (ECF No. 1-2). On April 2 and April 6, 2021, Defendant Guy filed a Notice and Petition of Removal and Amended Notice and Petition of Removal to this Court. (ECF Nos. 1 & 4).

## II.   ALLEGATIONS/CLAIMS AGAINST DEFENDANT PRATER

Plaintiff has sued Defendant David Prater, as District Attorney for Oklahoma County, based on actions taken in prosecuting Mr. Glover. Specifically, Plaintiff claims that Mr. Prater:

1. Filed a felony arrest warrant seeking to have Plaintiff arrested on the charge of indecent or lewd acts with a child under the age of 16;

2. "subjected Plaintiff to public humiliation, malicious prosecution, and intentional infliction of emotional distress, falsifying documents, etc.;"

2

3. "subjected Plaintiff to a deprivation of his reputation by virtue of subjecting Plaintiff to criminal procedures on the indecent or lewd acts with a child under the age of 16 and he knew or should have known that he lacked evidence to prosecute Plaintiff but did so anyway;"

4. "subjected Plaintiff to Malicious Prosecution as the patently false and unfounded rape charges were bogus and yet turned [his] head[s] violating Plaintiff's fundamental right to Due Process of law pursuant to Art. 2, Section 7 of the Oklahoma Constitution and the 14th Amendment to the United States Constitution. Such willful practice a[n]d regulations infringed on the rights and entitlement of 42 U.S.C. Section 1983."

(ECF No. 1-2:2-3). At the end of the Complaint,[3] Mr. Glover requests monetary damages for claims of "intentional and negligence infliction of emotional distress, public humiliation, liable [sic] and slander, malicious prosecution, failure to properly train, denial of due process and equal protection." (ECF No. 1-2:4). In his response to Defendant Prater's Motion to Dismiss, Plaintiff alleges that he has stated claims against Defendant Prater for "mental anguish," "damage to reputation," and "malicious prosecution, intentional infliction of emotional distress, and liable [sic]." (ECF No. 37:3,4).

In a case as this one involving multiple Defendants, "it is particularly important … that the complaint make clear exactly *who* is alleged to have done *what* to *whom,* to provide each individual with fair notice as to the basis of the claims against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (emphasis in original). Here, although Mr. Glover has alleged numerous claims in his "Relief Requested" section, the Court must examine the actual allegations against Defendant Prater to determine the nature of Plaintiff's claims against this Defendant. Based a reading of the entire Complaint, the undersigned finds that Plaintiff has alleged liability against Defendant

---

[3] Although Mr. Glover filed a "Petition for Damages" in state court, *see* ECF No. 1-2, the undersigned will refer to the document as the "Complaint."

3

Prater for: (1) malicious prosecution under the Fourth Amendment;[4] (2) Due Process under the Fourteenth Amendment; (3) malicious prosecution under Oklahoma law; (3) defamation under Oklahoma law; (4) intentional infliction of emotional distress under Oklahoma law; (5) libel under Oklahoma law; and (6) a violation of Due Process under Oklahoma law.

### III.  STANDARD OF REVIEW

Defendant Prater seeks dismissal under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 11). Pursuant to *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), to survive a motion to dismiss, a complaint must contain enough allegations of fact, taken as true, "to state a claim to relief that is plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Twombly*, 550 U.S. at 570). Under this standard, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original)).

The "plausibility" standard announced in *Twombly* and *Iqbal* is not considered a "heightened" standard of pleading, but rather a "refined standard," which the court of appeals has defined as "refer[ring] to the scope of the allegations in a complaint: if they

---

[4] The Fourth Amendment provides a basis under § 1983 for challenging pre-trial detention. *Manuel v. City of Joliet*, 137 S.Ct. 911, 914–15 (2017); *see also Mglej v. Gardner*, 974 F.3d 1151, 1159 & n.3 (10th Cir. 2020) (explaining that where charges were dismissed before trial, the basis for § 1983 claim for initiating a malicious prosecution must be the Fourth Amendment, not the Fourteenth Amendment).

4

are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Khalik*, 671 F.3d at 1191 (citing *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011)). The Tenth Circuit has noted that the nature and specificity of the allegations required to state a plausible claim will vary based on context. *Robbins*, 519 F.3d at 1248. "Thus, [it has] concluded the *Twombly/Iqbal* standard is 'a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.'" *See id.* at 1247.

Accordingly, in deciding *Twombly* and *Iqbal*, there remains no indication the Supreme Court "intended a return to the more stringent pre-Rule 8 pleading requirements." *Khalik*, 671 F.3d at 1191 (citing *Iqbal*, 556 U.S. at 678). It remains true that "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555).

Finally, "a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (1991). Whether a complaint contains sufficient facts to avoid dismissal is context-specific and is determined through a court's application of "judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

In analyzing a motion to dismiss under Rule 12(b)(6), the court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most

favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013). A complaint fails to state a claim on which relief may be granted when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, at 555 (2007) (citation omitted). Bare legal conclusions in a complaint are not entitled to the assumption of truth; "they must be supported by factual allegations" to state a claim for relief. *Iqbal*, 556 U.S. at 679.

## IV. DISMISSAL OF FEDERAL CLAIMS AGAINST DEFENDANT PRATER

Defendant Prater has filed a Motion to Dismiss, arguing, in part, that he is entitled to prosecutorial immunity. (ECF No. 11:3-4).[5] The Court should agree.

"State prosecutors are entitled to absolute immunity against suits brought pursuant to § 1983 for activities intimately associated with the judicial process, such as initiating and pursuing criminal prosecutions." *Gagan v. Norton*, 35 F.3d 1473, 1475 (10th Cir. 1994) (emphasis, ellipsis, and internal quotation marks omitted); *see Imbler v. Pachtman*, 424 U.S. 409, 427 (1976) (prosecutorial immunity extends to "initiating a prosecution and in presenting the State's case."). They enjoy such immunity even if it leaves "the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty." *Imbler v. Pachtman*, 424 U.S. at 427. Prosecutorial immunity provides protection against individual-capacity claims only. *Kentucky v. Graham*, 473 U.S. 159, 167 (1985).

---

[5] Defendant Prater also argues that Mr. Glover failed to comply with the notice requirements of the Governmental Tort Claims Act (GTCA) and he is exempt from liability under the GTCA. (ECF No. 11:4-6). The Court need not address these arguments in light of the recommended disposition.

As to Defendant Prater, Plaintiff has alleged malicious prosecution in violation of the Fourth Amendment and a violation of his Fourteenth Amendment right to Due Process. *See supra*.[6] Regarding specific action taken by Defendant Prater in support of these claims, Plaintiff states only that Defendant Prater "filed a felony arrest warrant" on the criminal charge against Plaintiff which he "knew or should have known" lacked evidence to prosecute.[7] *See supra*. But this is precisely the type of activity that has been long-held as protected by prosecutorial immunity. *See Kalina v. Fletcher*, 522 U.S. 118, 129 (1997) ("[prosecutor's] activities in connection with the preparation and filing of two of the three charging documents—the information and the motion for an arrest warrant—are protected by absolute immunity."). "This is so even if the prosecutor acted 'with an improper state of mind or improper motive.' " *Medina v. Weber*, 531 F. App'x 902, 903 (10th Cir. 2013). Thus, under the doctrine of absolute immunity, the Court should dismiss the federal malicious prosecution claims asserted against Defendant Prater in his individual capacity. *See Powell v. Miller*, 2013 WL 160790, at *2 (W.D. Okla. Jan. 14, 2013) (dismissing individual capacity claims against prosecutor based on the doctrine of prosecutorial immunity). The Court should also dismiss the official-capacity federal

---

[6] The Complaint does not specify whether these claims are asserted against Defendant Prater in his individual or official capacity. Therefore, the undersigned will address both types of claims.

[7] In the Complaint, Mr. Glover also makes a statement that Defendant Prater is guilty of "falsifying documents." (ECF No. 1-2:2). But he does not explain what documents Defendant Prater allegedly falsified, nor does he further expound upon such statement—either in the Complaint or his response to Defendant Prater's Motion to Dismiss—obviating any further discussion in this regard. *See Whitney v. State of N.M.*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (noting that even in *pro se* case, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf.").

malicious prosecution claims asserted against Defendant Prater on grounds of Eleventh Amendment immunity.

A court may, in its discretion, raise the issue of Eleventh Amendment immunity *sua sponte. See Nelson v. Geringer,* 295 F.3d 1082, 1098 n. 16 (10th Cir. 2002) ("[T]he [Supreme] Court has stated that judicial consideration of Eleventh Amendment issues *sua sponte* is discretionary, not mandatory."). The Eleventh Amendment bars suit in federal court against a state. *See Board of Trustees of University of Alabama v. Garrett,* 531 U.S. 356, 363 (2001). When a state official is named as a defendant, the Eleventh Amendment continues to bar the action "if the state is the real, substantial party in interest." *Frazier v. Simmons,* 254 F.3d 1247, 1253 (10th Cir. 2001). Because Defendant Prater is a state prosecutor, he would be considered an officer of the state. *See Arnold v. McClain,* 926 F.2d 963, 966 (10th Cir. 1991) (holding that the Eleventh Amendment barred suit against the district attorney in his official capacity); *Laidley v. McClain,* 914 F.2d 1386, 1392 (10th Cir. 1990) (concluding that the Eleventh Amendment prohibited a federal claim against an Oklahoma district attorney in his official capacity). As a result, the Court should *sua sponte* dismiss the official capacity claims against Defendant Prater as barred by the Eleventh Amendment. *See Mitchell v. Stephens County*, No. 21-265-SLP, 2021 WL 3909675, at *1 (W.D. Okla. Aug. 31, 2021).

## V. DISMISSAL OF STATE CLAIMS AGAINST DEFENDANT PRATER

As stated, Plaintiff additionally alleges violations of the Oklahoma Constitution and various state laws. *See supra*. But " '[w]hen all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.' " *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) (citation

omitted); *see also* 28 U.S.C. § 1367(c)(3). Upon dismissing Plaintiff's federal claims, the Court should decline to exercise jurisdiction over his state-law claims.

## VI. RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

The Court should **GRANT** the Motion to Dismiss **(ECF No. 11)** and: (1) dismiss the federal individual-capacity claim of malicious prosecution against Defendant Prater on grounds of prosecutorial immunity; (2) dismiss the federal official-capacity claim of malicious prosecution against Defendant Prater on grounds of Eleventh Amendment immunity; and (3) decline jurisdiction over the state law claims.

Plaintiff is hereby advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by **November 1, 2021.** *See* 28 U.S.C. § 636(b)(1); and Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## VII. STATUS OF THE REFERRAL

This Report and Recommendation does not terminate the referral.

ENTERED on October 14, 2021.

*[signature]*
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE