IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NATRAUN GLOVER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-21-294-R |
| | ) |
| THE COUNTY OF OKLAHOMA CITY, et al., | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Natraun Glover, appearing *pro se*, filed a Petition for Damages in Oklahoma County District Court alleging violations of his constitutional rights and Oklahoma State law. (ECF No. 1-2). Defendant Matthew Guy removed the action to this Court[1] and United States District Judge David Russell has referred this matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). Defendant Oklahoma City Police Department (OCPD) has filed a Motion to Dismiss and Mr. Glover has responded. (ECF Nos. 14 & 46). For the following reasons, the Court should **GRANT** the Motion to Dismiss.

**I.    BACKGROUND**

On July 12, 2016, an Affidavit and Application for Arrest Warrant was filed against Mr. Glover. *See* ECF No. 1-2:3.[2] On November 30, 2016, in Oklahoma County District Court

---

[1]  (ECF Nos. 1, 4).

[2]  *See also* https://www.oscn.net/dockets/GetCaseInformation.aspx?db=oklahoma&number=MI-2016-708; *United States v. Pursley*, 577 F.3d 1204, 1214 n.6 (10th Cir. 2009) (noting the court's "discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters bearing directly upon the disposition of the case at hand" (internal quotation marks omitted)).

Case No. CF-2016-9406, Plaintiff was charged with a violation of 21 O.S. § 1123—indecent or lewd acts with a child under the age of 16. (ECF No. 1-2:2). According to Plaintiff, he was then "arrested and taken to the Oklahoma County Jail where he remained until he posted bond on October 16, 2017." (ECF No. 36:3). On February 21, 2019, the State dismissed the charges for "further investigation." (ECF No. 16-2:5). Plaintiff characterizes the charges as "malicious" and his detention as "illegal." (ECF No. 1-2:3).

On January 7, 2021, Plaintiff filed an action in Oklahoma County District Court, naming the following defendants: (1) The County of Oklahoma City, (2) Oklahoma County Sherriff P.D. Taylor, (3) the OCPD, (4) News Channel 9, (5) KOCO Channel Five, (6) KFOR News 4, (7) Fox 25 News, (8) Oklahoma County District Attorney David Prater, and (9) Oklahoma City Police Department Detective Matthew Guy. (ECF No. 1-2). Plaintiff alleges violations of state and federal law and seeks monetary damages. (ECF No. 1-2). On April 2 and April 6, 2021, Defendant Guy filed a Notice and Petition of Removal and Amended Notice and Petition of Removal to this Court. (ECF Nos. 1 & 4).

## II.   STANDARD OF REVIEW

Defendant OCPD seeks dismissal under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 14). Pursuant to *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), to survive a motion to dismiss, a complaint must contain enough allegations of fact, taken as true, "to state a claim to relief that is plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Twombly*, 550 U.S. at 570). Under this standard, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering

factual support for *these* claims." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original)).

The "plausibility" standard announced in *Twombly* and *Iqbal* is not considered a "heightened" standard of pleading, but rather a "refined standard," which the court of appeals has defined as "refer[ring] to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Khalik*, 671 F.3d at 1191 (citing *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011)). The Tenth Circuit has noted that the nature and specificity of the allegations required to state a plausible claim will vary based on context. *Robbins*, 519 F.3d at 1248. "Thus, [it has] concluded the *Twombly/Iqbal* standard is 'a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.'" *See id.* at 1247.

Accordingly, in deciding *Twombly* and *Iqbal*, there remains no indication the Supreme Court "intended a return to the more stringent pre-Rule 8 pleading requirements." *Khalik*, 671 F.3d at 1191 (citing *Iqbal*, 556 U.S. at 678). It remains true that "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555).

Finally, "a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine

whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (1991). Whether a complaint contains sufficient facts to avoid dismissal is context-specific and is determined through a court's application of "judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

In analyzing a motion to dismiss under Rule 12(b)(6), the court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013). A complaint fails to state a claim on which relief may be granted when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, at 555 (2007) (citation omitted). Bare legal conclusions in a complaint are not entitled to the assumption of truth; "they must be supported by factual allegations" to state a claim for relief. *Iqbal*, 556 U.S. at 679.

### III. DISMISSAL OF CLAIMS AGAINST DEFENDANT OCPD

The OCPD has filed a Motion to Dismiss, arguing that dismissal is warranted because the OCPD lacks the capacity to be sued. (ECF No. 14:3-4).[3] The Court should agree.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Bruner v. Baker*, 506 F.3d 1021, 1025-1026 (10th Cir. 2007) (quotation omitted). Rule 17(b) of the Federal Rules of Civil Procedure provides that a non-corporate entity's capacity to be sued

---

[3] Alternatively, the OCPD argues that dismissal is warranted based on the lack of factual allegations against it in the Complaint. (ECF No. 14:2-3). The Court need not address this argument in light of the recommended dismissal.

4

is determined by the law of the state in which the district court is located. Fed. R. Civ. P. 17(b). In Oklahoma, each organized county can sue and be sued. Okla. Stat. tit. 19, § 1. However, a jail in Oklahoma, as a subdivision of the county in which it is located, has no separate legal identity under Oklahoma law. *See Ketchum v. Albuquerque Police Dep't,* No. CIV 91–2200, 1992 WL 51481, at *2 (10th Cir. 1992) (holding that "police departments ... are not suable entities under § 1983, because they lack legal identifies apart from the municipality."). *See Martinez v. Winner,* 771 F.2d 424, 444 (10th Cir. 1985) (holding that the City of Denver Police Department is not a suable entity); *Henry v. Albuquerque Police Dep't,* 49 F. App'x. 272, 274 n. 1 (10th Cir. 2002) ("The district court properly relied on an unpublished decision from this court holding that the Albuquerque Police Department lacks a legal identity apart from the City of Albuquerque."); *White v. Utah,* No. 00–4109, 2001 WL 201980 at *1 (10th Cir. 2001) (affirming dismissal of county jail; although applicable state law provided that county may sue or be sued, no state law supported directing a cause of action directly against a county's subdivisions, including its jails); *Aston v. Cunningham,* No. 99–4156, 2000 WL 796086 at *4 n. 3 (10th Cir. 2000) (affirming dismissal of county jail as defendant in prisoner's § 1983 action on basis that "a detention facility is not a person or legally created entity capable of being sued").

Based on the forgoing, the Court should dismiss, with prejudice, any claim asserted against the OCPD, with prejudice. *See Parks v. Taylor*, Case No. 18-968-D, 2019 WL 254669, at *2 (W.D. Okla. Jan. 17, 2019) (dismissing claims against Sherriff's Office and Detention Center with prejudice).

## IV. RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

The Court should **GRANT** the Motion to Dismiss **(ECF No. 14)** and dismiss any claim against the OCPD.

Plaintiff is hereby advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by **November 1, 2021.** *See* 28 U.S.C. § 636(b)(1); and Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## V. STATUS OF THE REFERRAL

This Report and Recommendation does not terminate the referral.

ENTERED on October 14, 2021.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE