IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NATRAUN GLOVER, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-21-294-R |
| ) | |
| THE COUNTY OF OKLAHOMA CITY, ) | |
| et al., ) | |
| ) | |
|     Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff Natraun Glover, appearing *pro se*, filed a Petition for Damages in Oklahoma County District Court alleging violations of his constitutional rights and Oklahoma State law. (ECF No. 1-2). Defendant Matthew Guy removed the action to this Court[1] and United States District Judge David Russell has referred this matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). Defendant "County of Oklahoma City" has filed a Motion to Dismiss and Mr. Glover has responded. (ECF Nos. 15 & 47). For the following reasons, the Court should **DENY** the Motion to Dismiss.

---

[1] (ECF Nos. 1, 4).

## I. BACKGROUND

On July 12, 2016, an Affidavit and Application for Arrest Warrant was filed against Mr. Glover. *See* ECF No. 1-2:3.[2] On November 30, 2016, in Oklahoma County District Court Case No. CF-2016-9406, Plaintiff was charged with a violation of 21 O.S. § 1123—indecent or lewd acts with a child under the age of 16. (ECF No. 1-2:2). According to Plaintiff, he was then "arrested and taken to the Oklahoma County Jail where he remained until he posted bond on October 16, 2017." (ECF No. 36:3). On February 21, 2019, the State dismissed the charges for "further investigation." (ECF No. 16-2:5). Plaintiff characterizes the charges as "malicious" and his detention as "illegal." (ECF No. 1-2:3).

On January 7, 2021, Plaintiff filed a Petition for Damages in Oklahoma County District Court, naming, as a defendant, "The County of Oklahoma City." *See* ECF No. 1-2:1, 2. But the summons, which is directed to "The City of Oklahoma City," indicates: (1) a scrivener's error in the Petition and (2) an intent to sue the City of Oklahoma City, rather than Oklahoma County, Oklahoma. *See* ECF No. 1-2. On March 18, 2021, Plaintiff completed a Summons and paid $50.00 for the Oklahoma County Sheriff's Office to serve the Summons and Petition on "The City of Oklahoma City." *See* ECF No. 1-6. Service was executed by Sheriff's Deputy Tom Ly, on March 22, 2018, by serving "Rachel Bratcher on

---

[2] *See also* https://www.oscn.net/dockets/GetCaseInformation.aspx?db=oklahoma&number=MI-2016-708; *United States v. Pursley*, 577 F.3d 1204, 1214 n.6 (10th Cir. 2009) (noting the court's "discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters bearing directly upon the disposition of the case at hand" (internal quotation marks omitted)).

behalf of The City of Oklahoma City." *See* ECF No. 1-6:1. On April 2 and April 6, 2021, Defendant Guy filed a Notice and Petition of Removal and Amended Notice and Petition of Removal to this Court. (ECF Nos. 1 & 4). On April 8, 2021, Defendant "County [sic] of Oklahoma City" (The City) filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(5), alleging insufficient service of process. (ECF No. 15).[3]

## II.  STANDARD OF REVIEW

"A court obtains personal jurisdiction over the parties when the complaint and summons are properly served upon the defendant, making 'effective service of process a prerequisite to proceeding further in a case.' " *Goff v. Hukill,* No. 08–CV–71, 2010 WL 2595785, *2 (N.D. Okla. June 24, 2010). A motion under Fed. R. CIV. P. 12(b)(5) challenges the "mode of delivery or the lack of delivery of the summons and complaint." *Washington v. City of Oklahoma City*, No. CIV-20-266-D, 2021 WL 796157, at *1 (W.D. Okla. Mar. 2, 2021). Once a defendant makes a Rule 12(b)(5) motion, "plaintiffs bear the burden of demonstrating that they complied with all statutory and due process requirements." *Id.* " 'The parties may submit affidavits and other documentary evidence for the Court's consideration, and plaintiff is entitled to the benefit of any factual doubt.' " *Id.* (citation omitted).

---

[3] In the Motion to Dismiss, The City also cited Federal Rules of Civil Procedure 12(b)(4), (6) and 41, as well as 12 O.S. § 95(3) and (4) as bases for dismissal, *see* ECF No. 15:1, but The City fails to provide any argument in support of dismissal on these grounds, obviating the need for further discussion.

In removed cases, the federal court should "look to the law of the forum state . . . to determine whether service of process was perfected prior to removal." *Wallace v. Microsoft Corp.*, 596 F.3d 703, 706 (10th Cir. 2010). If service is not perfected before removal, or the process served later "proves to be defective," the Court may allow for service to be completed or issue new service in compliance with FED. R. CIV. P. 4. 28 U.S.C. § 1448. *See also Wallace*, 596 F.3d at 706.

## III.  DISCUSSION

The City argues that the claims against it should be dismissed for insufficient service because Plaintiff served Rachel Bratcher, a receptionist at the Municipal Counselor's Office. (ECF No. 15:3-4).[4]

Oklahoma relies on a three-part test regarding sufficiency of service of process: " '(1) Is there a statute authorizing the method of service employed?; (2) Have the requirements of the statute been observed?; and (3) Have fundamental due process requirements been met?' " *Hukill v. Okla. Native Am. Domestic Violence Coal.*, 542 F.3d 794, 799 (10th Cir. 2008) (citation omitted). Under the first prong, service of process in Oklahoma is governed by 12 O.S. § 2004. Municipal corporations are governed by § 2004(C)(1)(c)(5), which states that service shall be made:

---

[4] The Municipal Counselor's Office advises, represents and defends the City and its elected officials, employees and municipal trusts in legal matters.
*See* https"//www.okc.gov/departments/municipal-counselor (last visited Sept. 20, 2021).

4

>upon a . . .municipal corporation . . . by delivering a copy of the summons and of the petition to the officer or individual *designated by specific statute*; however, if there is no statute, then upon the chief executive officer or a clerk, secretary, or other official whose duty it is to maintain the official records of the organization.

(emphasis added). Municipalities have a specific statute that designates who can accept service of process. *See* 11 O.S. § 22-103. This law provides that "[a]ny notice or process affecting a municipality shall be served upon the municipal clerk, or in his or her absence then upon a deputy municipal clerk and upon the mayor." *Id.* The inquiry thus turns to whether Plaintiff observed the requirements of § 22-103 when serving The City. The City Clerk is Amy K. Simpson, *See* City Clerk, https://www.okc.gov/departments/city-clerk (last visited Sept. 20, 2021). Exhibit 6 to the Notice of Removal and Amended Notice of Removal states that Plaintiff served "Rachel Bratcher on behalf of The City of Oklahoma City." (ECF Nos. 1-6 & 4-6).

The Court finds that Plaintiff did not substantially comply with the statutory requirements. The statute requires Plaintiff to serve the municipal clerk. If the municipal clerk cannot be served, then Plaintiff must serve a deputy municipal clerk and the mayor. *See* Att'y General Op. No. 2019-9, 2019 WL 7046022, at *1 (Okl. A.G. Dec. 17, 2019) ("Service of process to a municipality pursuant to 11 O.S. 2011, § 22-103 must be made upon the municipality's mayor only in the absence of the municipal clerk, in which case service is required to be made upon a deputy municipal clerk and the mayor."). Plaintiff served a receptionist in the City Attorney's office. The Court should, therefore, find that the attempted service on the City was defective and Plaintiff failed to substantially comply

5

with the requirements for service under 11 O.S. § 22-103. *See also Hukill*, 542 F.3d at 800 ("[W]e are constrained to conclude that the Oklahoma Supreme Court would hold that a plaintiff fails to substantially comply with a service statute specifying who is authorized to accept or refuse service on behalf of the defendant, when service is accepted or refused by an unauthorized person."); *Washington v. City of Oklahoma City*, 2021 WL 796157, at *3 (W.D. Okla. Mar. 2, 2021) (finding insufficient service on the City of Oklahoma City under 11 O.S. § 22-103 due to Plaintiff's service on "Rachel Bratcher, legal clerk" instead of the City Clerk or a deputy City Clerk and the City mayor).

## IV. REMEDY

A defect in service that occurred before removal may be cured by issuing new process or by an amendment of the original process. *See Wallace v. Microsoft Corp.*, 596 F.3d 703, 707 (10th Cir. 2010). Federal courts have shown "a desire to prevent unnecessary dismissals by retaining removed cases and curing defects in the state court service." 4A C. Wright, A. Miller, & A. Steinman, Federal Practice and Procedure § 1082 (4th ed. Oct. 2020). As such, "[a] defendant can obtain a dismissal after removal only when the original service in the state court was improper, and the plaintiff finds it impossible to perfect service under Rule 4 after removal." *Id.*

Motions under Rule 12(b)(5) offer the district court the option of quashing the improper service of process without dismissing the action. *See Washington v. City of Oklahoma City*, No. 20-266, 2021 WL 796157, at *3 (W.D. Okla. Mar. 2, 2021); *accord*

*Pendleton v. Bd. of Cnty. Commisioners for Okla. Cnty.*, No. CIV-18-707-G, 2019 WL 4752269, at *2 (W.D. Okla. Sept. 30, 2019); *Gray v. Ritter*, No. CIV-09-909-F, 2010 WL 4880890, at *2 (W.D. Okla. Oct. 8, 2010); *Lasky v. Lansford*, 76 F. App'x 240, 241 (10th Cir. 2003); 5B Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1354 (3d ed. 2010).

Here, there is no indication that Plaintiff cannot properly serve the City. Thus, the original service is quashed, and Plaintiff should effectuate proper service on the City within thirty (30) days of this Order. However, as noted by Mr. Glover and as reflected in the evidence, service was effected by a deputy from the Oklahoma County Sheriff's Office, for which Plaintiff paid $50.00. (ECF Nos. 1-6 & 4-6; 47:3). According to Mr. Glover, he "had no knowledge of the process of summons after pay[ing] [the process service fee.]." (ECF No. 47:3). The evidence supports Mr. Glover's claim and the undersigned finds that Plaintiff should not be prejudiced by a failure which cannot be fairly attributed to him. 12 O.S. § 2004(H) authorizes the Court to "allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued." Under this statute, the Court should order the Oklahoma County Sheriff's Office to re-serve The City, in accordance with the above-referenced statutory guidelines, by properly serving The City Clerk, or a deputy City Clerk and the Oklahoma City Mayor, at no additional fee to Plaintiff.

In sum, the Court should quash the original service and order Plaintiff to effectuate proper service on the City within 30 days, or risk dismissal as to this Defendant.

## V. RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

The Court should: (1) **DENY** the Motion to Dismiss **(ECF No. 15)**; (2) quash the original service on The City; and (3) order Plaintiff to effectuate proper service.

Plaintiff is hereby advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by **November 1, 2021.** *See* 28 U.S.C. § 636(b)(1); and Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## VI. STATUS OF THE REFERRAL

This Report and Recommendation does not terminate the referral.

ENTERED on October 14, 2021.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE