IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NATRAUN GLOVER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-21-294-R |
| ) | |
| THE COUNTY OF OKLAHOMA CITY, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff Natraun Glover, appearing *pro se*, filed a Petition for Damages in Oklahoma County District Court alleging violations of his constitutional rights and Oklahoma State law. (ECF No. 1-2). Defendant Matthew Guy removed the action to this Court[1] and United States District Judge David Russell has referred this matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). Defendant Guy filed a Motion to Dismiss and Mr. Glover responded. (ECF Nos. 16 & 38). For the following reasons, the Court should **GRANT** the Motion to Dismiss.

## I.   BACKGROUND

On July 12, 2016, an Affidavit and Application for Arrest Warrant was filed against Mr. Glover. *See* ECF No. 1-2:3.[2] On November 30, 2016, in Oklahoma County District Court Case No. CF-2016-9406, Plaintiff was charged with a violation of 21 O.S. § 1123—indecent

---

[1] (ECF Nos. 1, 4).

[2] *See also* https://www.oscn.net/dockets/GetCaseInformation.aspx?db=oklahoma&number=MI-2016-708; *United States v. Pursley*, 577 F.3d 1204, 1214 n.6 (10th Cir. 2009) (noting the court's "discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters bearing directly upon the disposition of the case at hand" (internal quotation marks omitted)).

or lewd acts with a child under the age of 16. (ECF No. 1-2:2). Plaintiff attributes the warrant and subsequent charges to Defendant Guy whom Mr. Glover accuses of a seven-month period of harassment in the form of "repeatedly call[ing] Plaintiff accusing him of sexually assaulting a child." (ECF No. 1-2:3). According to Mr. Glover, Defendant Guy subjected Plaintiff to an "intense interrogation" for an "alleged rape," and upon the conclusion of said investigation, Plaintiff claims that Defendant Guy "determined that Plaintiff couldn't have committed the rape but yet referred it to the District Attorney for criminal prosecution." (ECF No. 1-2:3). On February 21, 2019, the State dismissed the charges for "further investigation." (ECF No. 16-2:5). Plaintiff characterizes the charges as "malicious" and states that as a result, as "has been harassed, threatened, . . . publicly humiliated . . . falsely imprisoned and suffered near fatal heart attacks, emotional distress and fear for his life." (ECF No. 1-2:2).

On January 7, 2021, Plaintiff filed an action in Oklahoma County District Court, naming the following defendants: (1) The County of Oklahoma City, (2) Oklahoma County Sherriff P.D. Taylor, (3) the Oklahoma City Police Department, (4) News Channel 9, (5) KOCO Channel Five, (6) KFOR News 4, (7) Fox 25 News, (8) Oklahoma County District Attorney David Prater, and (9) Oklahoma City Police Department Detective Matthew Guy. (ECF No. 1-2). Plaintiff alleges violations of state and federal law and seeks monetary damages. (ECF No. 1-2). On April 2 and April 6, 2021, Defendant Guy filed a Notice and petition of Removal and Amended Notice and Petition of Removal to this Court. (ECF Nos. 1 & 4).

## II. ALLEGATIONS/CLAIMS AGAINST DEFENDANT GUY

Plaintiff has sued Defendant Matthew Guy, as a detective with the Oklahoma City Police Department, based on his interrogation of Plaintiff prior to the criminal charges being filed, which Mr. Glover characterizes as malicious prosecution. (ECF No. 1-2:3). Specifically, Plaintiff claims that Mr. Guy:

1. Called Plaintiff into the Oklahoma City Police Department and began interrogating Plaintiff regarding the alleged rape;

2. Determined that "Plaintiff couldn't have committed the rape but yet referred it to the District Attorney for criminal prosecution;" and

3. "recklessly submitted Plaintiff to emotional distress by virtue of his playing his role in the investigation and prosecution of the rape charge by "repeatedly call[ing] Plaintiff accusing him of sexually assaulting a child.

(ECF No. 1-2:3). At the end of the Complaint,[3] Mr. Glover requests monetary damages for claims of "intentional and negligence infliction of emotional distress, public humiliation, liable [sic] and slander, malicious prosecution, failure to properly train, denial of due process and equal protection." (ECF No. 1-2:4). In his response to Defendant Guy's Motion to Dismiss, Plaintiff alleges that he has stated claims against Defendant Guy for "malicious prosecution, intentional infliction of emotional distress, and liable [sic]." (ECF No. 38:3,4).

In a case such as this one involving multiple Defendants, "it is particularly important … that the complaint make clear exactly *who* is alleged to have done *what* to *whom,* to provide each individual with fair notice as to the basis of the claims against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (emphasis in original). Here, although Mr. Glover has alleged numerous claims in his "Relief Requested" section, the Court

---

[3] Although Mr. Glover filed a "Petition for Damages" in state court, see ECF No. 1-2, the undersigned will refer to the document as a "Complaint."

must examine the actual allegations against Defendant Guy to determine the nature of Plaintiff's claims against this Defendant. Based upon a reading of the entire Complaint, the undersigned finds that Plaintiff has alleged liability against Defendant Guy for: (1) malicious prosecution under the Fourth Amendment;[4] (2) malicious prosecution under Oklahoma law; (3) intentional infliction of emotional distress under Oklahoma law; and (4) libel under Oklahoma law.

## III.  STANDARD OF REVIEW

Defendant Guy seeks dismissal under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 16). Pursuant to *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), to survive a motion to dismiss, a complaint must contain enough allegations of fact, taken as true, "to state a claim to relief that is plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Twombly*, 550 U.S. at 570). Under this standard, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original)).

---

[4] The Fourth Amendment provides a basis under § 1983 for challenging pre-trial detention. *Manuel v. City of Joliet*, 137 S.Ct. 911, 914–15 (2017); *see also Mglej v. Gardner*, 974 F.3d 1151, 1159 & n.3 (10th Cir. 2020) (explaining that where charges were dismissed before trial, the basis for § 1983 claim for initiating a malicious prosecution must be the Fourth Amendment, not the Fourteenth Amendment).

The "plausibility" standard announced in *Twombly* and *Iqbal* is not considered a "heightened" standard of pleading, but rather a "refined standard," which the court of appeals has defined as "refer[ring] to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Khalik*, 671 F.3d at 1191 (citing *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011)). The Tenth Circuit has noted that the nature and specificity of the allegations required to state a plausible claim will vary based on context. *Robbins*, 519 F.3d at 1248. "Thus, [it has] concluded the *Twombly/Iqbal* standard is 'a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.'" *See id.* at 1247.

Accordingly, in deciding *Twombly* and *Iqbal*, there remains no indication the Supreme Court "intended a return to the more stringent pre-Rule 8 pleading requirements." *Khalik*, 671 F.3d at 1191 (citing *Iqbal*, 556 U.S. at 678). It remains true that "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555).

Finally, "a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (1991). Whether a complaint contains sufficient facts to avoid dismissal is

5

context-specific and is determined through a court's application of "judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

In analyzing a motion to dismiss under Rule 12(b)(6), the court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013). A complaint fails to state a claim on which relief may be granted when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, at 555 (2007) (citation omitted). Bare legal conclusions in a complaint are not entitled to the assumption of truth; "they must be supported by factual allegations" to state a claim for relief. *Iqbal*, 556 U.S. at 679.

## IV. DISMISSAL OF FEDERAL CLAIM AGAINST DEFENDANT GUY

Defendant Guy has filed a Motion to Dismiss, arguing that Plaintiff has failed to allege facts which would state a § 1983 claim for malicious prosecution. (ECF No. 16). The Court should agree with Defendant Guy and dismiss the federal claim against him. To state a § 1983 claim for malicious prosecution, a plaintiff must show: (1) the defendant caused plaintiff's continued confinement or prosecution; (2) the original action terminated in plaintiff's favor; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) plaintiff sustained damages. *Montoya v. Vigil*, 898 F.3d 1056, 1066 (10th Cir. 2018), quoting *Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2008). It is the second element—the termination of the criminal proceedings in favor of the plaintiff—that is at issue here.

To meet this second element, the plaintiff has the "burden to show that the termination was favorable." *Montoya v. Vigil*, 898 F.3d at 1066 (quoting *Cordova v. City of Albuquerque*, 816 F.3d 645, 650 (10th Cir. 2016)). To carry that burden, a plaintiff must allege facts which, if true, would allow a reasonable jury to find the proceedings terminated "for reasons indicative of innocence." *Id.* (citing *M.G. v. Young*, 826 F.3d 1259, 1263 (10th Cir. 2016). When criminal proceedings terminate in a way other than by a court vacating a conviction due a defendant's factual innocence, "it is less obvious whether or not the termination demonstrates innocence." *Montoya v. Vigil*, 898 F.3d at 1066. In those cases, we "look to the stated reasons for the dismissal as well as to the circumstances surrounding it in an attempt to determine whether the dismissal indicates the accused's innocence." *Id*. If, in view of the circumstances, "the case [was] disposed of in a manner that leaves the question of the accused's innocence unresolved, there generally can be no malicious prosecution claim by the accused." *Id.* Put another way, if, under the circumstances, the termination of proceedings "does not touch the merits," the criminal proceedings did not terminate favorably. *Id.* (citing *Cordova*, 816 F.3d at 651 (quoting Dan B. Dobbs et al., Dobb's Law of Torts § 590 (2d ed. 2015)).

Here, the case was ultimately dismissed "for further investigation." *See* ECF No. 16-2:5.[5] Plaintiff argues that the dismissal "verifies Plaintiff's claim that the charges were bogus and never should have been filed in the first place." (ECF No. 38:3). The Court should find otherwise and conclude that the dismissal "does not touch the merits" of the case and

---

[5] Although Defendant Guy attached the Court Minute memorializing the dismissal, this Court should take judicial notice of the document, and thus does not need to convert Defendant's Motion into a summary judgment motion. *Johnson v. Spencer*, 950 F.3d 680, 705 (10th Cir. 2020) ("A district court, however, may 'take judicial notice of . . . facts which are a matter of public record,' without converting a motion to dismiss into a motion for summary judgment.").

7

"leaves the question of the accused's innocence unresolved." As a result, and absent the second element necessary to state a § 1983 claim for malicious prosecution, the Court should dismiss the federal claim asserted against Defendant Guy.

## V.   DISMISSAL OF STATE CLAIMS AGAINST DEFENDANT GUY

As stated, Plaintiff additionally alleges that Defendant Guy is liable under Oklahoma state law for malicious prosecution, intentional infliction of emotional distress. *See supra*. But " '[w]hen all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.' " *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) (citation omitted); *see also* 28 U.S.C. § 1367(c)(3). Upon dismissing Plaintiff's federal claim, the Court should decline to exercise jurisdiction over his state-law claims.

## VI.   RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

The Court should **GRANT** the Motion to Dismiss **(ECF No. 16)** and: (1) dismiss the federal individual-capacity claim of malicious prosecution against Defendant Guy; and (2) decline jurisdiction over the state law claims.

Plaintiff is hereby advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by **November 1, 2021.** *See* 28 U.S.C. § 636(b)(1); and Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

**VII.   STATUS OF THE REFERRAL**

This Report and Recommendation does not terminate the referral.

ENTERED on October 14, 2021.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE