## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NATRAUN GLOVER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. CIV-21-294-R |
| ) | |
| OKLAHOMA COUNTY ET AL., ) | |
| ) | |
| ) | |
| Defendant. ) | |

### ORDER

Plaintiff filed this action in the District Court of Oklahoma County pursuant to 42 U.S.C. § 1983 alleging violation of his rights under the Constitution of the United States and the Oklahoma Constitution and seeking damages pursuant to state law. Plaintiff names nine Defendants: (1) "the County of Oklahoma City"; (2) Oklahoma County Sheriff P.D. Taylor; (3) Oklahoma City Police Department; (4) News 9 in Oklahoma City; (5) KOCO Channel Five; (6) KFOR News 4; (7) Fox 25 News, OKC; (8) District Attorney David Prater; and (9) Detective Matthew Guy. Defendant Guy removed the action to this Court. Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), the matter was referred to United States Magistrate Judge Shon T. Erwin for preliminary review. On October 14, 2021, Judge Erwin issued five separate Reports and Recommendations addressing the Motions to Dismiss filed by Defendant Taylor (Doc. No. 6), Defendant Prater (Doc. No. 11), the Oklahoma City Police Department (Doc. No. 14), Oklahoma City (Doc. No. 15), and Defendant Guy (Doc. No. 16). (Doc. Nos. 48, 49, 50, 51, and 52). Judge Erwin recommended that the motions to dismiss filed by Taylor, Prater and Guy be granted as to Plaintiff's 42 U.S.C.

§ 1983 claims and that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims against those Defendants. With regard to Defendant "County of Oklahoma City," Judge Erwin recommended the motion be denied and that Plaintiff be ordered to effect proper service on the City.[1] With regard to the Oklahoma City Police Department, Judge Erwin recommended dismissal because the Department is not a suable entity under Oklahoma law. The record reflects that Plaintiff has not objected to any of the Reports and Recommendations within the time limits prescribed therein.[2] Although ordinarily this would eliminate the Court's obligation to undertake a review of the Reports and Recommendations, the Court finds that dismissal of all of Plaintiff's federal claims against the various Defendants is appropriate and therefore remands the state law claims, including those against the television station Defendants pursuant to 28 U.S.C. § 1367.

District courts have the inherent power to manage their dockets. *See United States v. Schneider*, 594 F.3d 1219, 1226 (10th Cir.2010)(citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *United States v. Nicholson*, 983 F.2d 983, 988 (10th Cir.1993)). This power includes the ability to "dismiss a frivolous or malicious action ... even in the absence of [a] statutory provision." *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 306–07 (1989)(quotation marks omitted). In considering whether to dismiss a claim *sua sponte* for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept as true all factual allegations in the complaint and

---

[1] Judge Erwin recognized the confusion caused by Plaintiff's identification of the Defendant, concluding, however, that Plaintiff intended to sue the City of Oklahoma City rather than Oklahoma County because his service papers reflected the City as Defendant and he attempted to serve the municipal counselor.

[2] The record indicates that the Reports and Recommendations were mailed to Plaintiff in a single envelope to the address used on his filings, but they were returned as undeliverable by the United States Postal Service.

2

must draw all reasonable inferences in the plaintiff's favor. *See Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir.1991). In reviewing a *pro se* complaint, the court applies the same legal standards applicable to pleadings that counsel drafts, but the complaint must be liberally construed. *See Id.* at 1110. However, "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of alleging sufficient facts on which a recognized legal claim could be based." *Id.*

Although Judge Erwin and Defendant Sheriff assumed Plaintiff was seeking relief from Defendant Taylor in his official capacity, the Court does not read any such limitation in the Petition. In light of the absence of an objection by Plaintiff, the Court hereby ADOPTS Judge Erwin's conclusion that the § 1983 claims against the Sheriff are subject to dismissal pursuant to Rule 12(b)(6) as supplemented by this Order.

A claim against a governmental official in his official capacity is simply another way of bringing a claim against the entity the official represents. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("an official capacity suit is, in all respects other than name, to be treated as a suit against the entity"); *Martinez v. Beggs*, 563 F.3d 1082, 1091 (10th Cir. 2009) (bringing "a claim against [a sheriff] in his official capacity ... is the same as bringing a suit against the county."). In order for the Sheriff to be held liable in his official capacity, Plaintiff must establish that "(1) a municipal employee committed a constitutional violation, and (2) a municipal policy or custom was the moving force behind the constitutional deprivation." *Walker v. City of Orem*, 451 F.3d 1139, 1152 (10th Cir. 2006).[3]

---

[3] To the extent Plaintiff's claims are against the Sheriff in his individual capacity the proper Defendant is still P.D. Taylor. However, Mr. Taylor no longer serves as sheriff of Oklahoma County; that position is now occupied by Tommie Johnson, who should be substituted in as defendant for the official capacity claims pursuant to Fed. R. Civ. P. 25(d).

3

Plaintiff, if allowed to proceed, would also be required to show there is a direct causal link between the policy or custom and the injury alleged. *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993).

Although in Oklahoma the Sheriff is final policymaker for purposes of the jail, the Court is unaware of any authority that makes the Sheriff the final policymaker with regard to the investigation of criminal activity allegedly undertaken by persons detained in the jail. Plaintiff places the blame for alleged false accusations on Defendant Guy. Plaintiff alleges he was arrested pursuant to a warrant and that he is innocent of the crime charged. He does not specifically allege by whom he was arrested. In *Scull v. New Mexico*, 236 F.3d 588 (2000), the Tenth Circuit held that neither the Constitution nor statute required jailers to investigate a detainee's claim that he should have been released. *Id.* at 598 (quoting *Baker v. McCollan*, 443 U.S. 137, 145-46 (1979)("[W]e do not think a sheriff executing an arrest warrant is required by the Constitution to investigate independently every claim of innocence, whether the claim is based on mistaken identity or a defense such as lack of requisite intent. Nor is the official charged with maintaining custody of the accused named in the warrant required by the Constitution to perform an error-free investigation of such a claim."). As the *Baker* Court stated, "[t]he ultimate determination of such claims of innocence is placed in the hands of the judge and the jury." *Id.* at 146.

Accordingly, as identified by Judge Erwin and supplemented herein, Plaintiff has failed to state a § 1983 against the Sheriff in his official capacity for violation of his due

4

process rights because he has failed to allege a constitutional violation.[4] Similarly, Plaintiff's Complaint failed to allege sufficient facts to support an equal protection claim against the Sheriff in his official capacity because he pleads no underlying constitutional violation and no policy or custom to bind the County.[5]

Judge Erwin recommended that the Court grant the Motion to Dismiss by Defendant Prater with regard to Plaintiff's § 1983 claim because Mr. Prater is entitled to prosecutorial immunity. The Court hereby adopts this conclusion and dismisses the § 1983 claims against him, to the extent Plaintiff seeks to recover on an individual capacity claim. The Court further adopts the Report and Recommendation to the extent it recommends dismissal of any official capacity claim against Defendant Prater on the basis of Eleventh Amendment immunity.

Defendant Erwin recommended that Plaintiff's claims against the Oklahoma City Police Department be dismissed because it lacks the capacity to be sued. In light of the absence of any objection by Plaintiff, the Court hereby adopts the Report and Recommendation.

Plaintiff also named as Defendant a party he designated as "County of Oklahoma City." Plaintiff made an effort to serve the City via process delivered to the receptionist at the municipal counselor's office.[6] The City sought dismissal. Although Judge Erwin

---

[4] A claim against Defendant Taylor in his individual capacity would similarly fail. Although such a claim would not require Plaintiff to establish a policy or custom, it would require Plaintiff to allege facts sufficient to state a claim against Defendant Taylor, which Plaintiff has not done.

[5] Again, an equal protection claim would fail against Defendant Taylor in his individual capacity because Plaintiff did not allege disparate treatment by the Sheriff as set forth in the Report and Recommendation.

[6] Because Plaintiff used the office of the Municipal Counselor for service purposes, Judge Erwin concluded that, despite the ambiguity as to Plaintiff's intentions in naming the "County of Oklahoma City" as Defendant, Plaintiff

recommended that the Court quash Plaintiff's attempt at service and permit him to properly effect service, the Court finds dismissal of the City appropriate for failure to state a claim. Plaintiff's Petition, construed as a Complaint, fails to allege sufficient facts to support a § 1983 claim. To establish § 1983 liability against a local government entity, such as the City, "a plaintiff must show (1) the existence of a municipal custom or policy and (2) a direct causal link between the custom or policy and the violation alleged." *Jenkins v. Wood*, 81 F.3d 988, 993–94 (10th Cir. 1996) (citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)). The City may not be held liable under § 1983 based on the doctrine of *respondeat superior*. *See Monell v. Department of Soc. Servs Y.*, 436 U.S. 658, 694 (1978); *Cannon v. City and County of Denver*, 998 F.2d 867, 877 (10th Cir. 1993). Even granting the Petition liberal construction, there are no facts alleged from which the Court could infer allegations of the policy or custom necessary to state a claim against the City. Therefore, the § 1983 claims against the City are subject to dismissal. Accordingly, the Court declines to adopt the Report and Recommendation wherein Judge Erwin recommends that the City's Motion to Dismiss be denied and hereby dismisses Plaintiff's 42 U.S.C. § 1983 claim against the City.

Finally, Judge Erwin recommended that the Court grant the Motion to Dismiss filed by Defendant Guy as to Plaintiff's 42 U.S.C. § 1983 malicious prosecution claim because Plaintiff fails to allege that the criminal proceedings were terminated in his favor, as the

---

intended to sue the City of Oklahoma City. Even if Plaintiff intended to sue Oklahoma County, his claim would be dismissed for the same reasons the claims against the Sheriff in his official capacity are subject to dismissal as set forth above.

criminal case was dismissed "for further investigation." In the absence of any objection by Plaintiff, the Court hereby adopts this recommendation.

With regard to the state law claims against Defendant Sheriff, Defendant Prater, and Defendant Guy, Judge Erwin recommends that the Court decline to exercise supplemental jurisdiction having dismissed the federal claims. The Court agrees that after dismissing the federal claims above, declining to exercise supplemental jurisdiction is in accordance with Tenth Circuit precedent. Accordingly, the Court hereby remands Plaintiff's state law claims to the District Court of Oklahoma County. The motion to dismiss filed by Defendants Tribune Broadcasting Company II, LLC and Ohio/Oklahoma Hearst Television, Inc, (Doc. No. 19) is denied as moot to the extent Defendants asserted a lack of subject matter jurisdiction. The remainder of the motion remains pending for consideration upon remand. Similarly, the Motion to Dismiss filed by Griffin Television, OKC, LLC (Doc. No. 25) is denied as moot to the extent Defendant asserts a lack of subject matter jurisdiction and the remainder of the motion remains pending for consideration on remand. The Reports and Recommendations (Doc. Nos. 48, 49, 50, and 52) are hereby adopted to the extent they are consistent with this Order.  The Court declines to adopt the Report and Recommendation addressing Plaintiff's claims against "the County of Oklahoma City," (Doc. No. 51). The Court finds, however, that Plaintiff has failed to allege sufficient facts to state a claim against that Defendant.

**IT IS SO ORDERED** this 15th day of November 2021.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE